IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS ANDREW BALL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 09-194-GPM |
| | ) |
| **SOUTHWEST FIDUCIARY, INC., GREGORY P. DOVICO, PEGGY ANN DOVICO, DIANE LEVINE, BRUCE M. TRIPP, ANNA DOVICO, and FIDELITY & DEPOSIT, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on the motion to amend and motion for reconsideration brought by Plaintiff Dennis Andrew Ball (Doc. 13). By order entered May 13, 2009, the Court directed Ball to amend his complaint in this cause to allege properly the facts necessary to the exercise of the Court's subject matter jurisdiction in diversity pursuant to 28 U.S.C. § 1332. By separate order entered the same day the Court denied Ball's request for leave to proceed in forma pauperis in this case, holding that Ball, based on the information contained in his financial affidavit in support of his motion for leave to proceed in forma pauperis, is not indigent for purposes of 28 U.S.C. § 1915(a)(1). Ball now has filed a document styled "Motion to Amend and Motion for Reconsideration *to Proceed In Forma Pauperis*" in which Ball seeks apparently to amend by interlineation the jurisdictional allegations of his complaint and also requests reconsideration of the Court's denial of leave to proceed in forma pauperis.

The Court turns to the matter of whether Ball's proposed amendment of his

complaint corrects the defects in his pleading of jurisdictional facts addressed in the Court's May 13 order. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) ("Subject-matter jurisdiction is . . . central to the district court's power to issue any orders whatsoever[.]"); *Storm v. Storm*, 328 F.3d 941, 943 n.1 (7th Cir. 2003) ("[T]he existence of subject matter jurisdiction goes to the ultimate question of whether the federal courts have the power to entertain and decide a case[.]"); *United States v. Tittjung*, 235 F.3d 330, 339 (7th Cir. 2000) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."); *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 845 (S.D. Ill. 2006) (quoting *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979)) (noting that "issues affecting a court's subject matter jurisdiction are 'fundamentally preliminary.'"). In the Court's May 13 order Ball was directed to amend his complaint to allege that he is a citizen, that is, a domiciliary, of a state, and to allege the state citizenship of all Defendants in the case who are natural persons, to wit, Gregory P. Dovico, Peggy Ann Dovico, Diane Levine, Bruce M. Tripp, and Anna Dovico. The May 13 order also directed Ball to amend his complaint to allege properly the corporate citizenship of Defendants Southwest Fiduciary, Inc., and Fidelity & Deposit, Inc., that is, the states where those parties are incorporated and where they maintain their principal places of business. Finally, the May 13 order directed Ball to allege that an amount in excess of the jurisdictional minimum amount for diversity purposes, $75,000, exclusive of interest and costs, is in controversy. Unfortunately, Ball's proposed amendment to his complaint by interlineation entirely fails to establish the existence of diversity jurisdiction in this case. Ball does not allege properly the state citizenship

of any party that is a natural person, nor does he allege properly the citizenship of the corporate parties; likewise, he fails to correct his allegations with respect to the jurisdictional amount in controversy.

Because Ball's proposed amendment of his complaint by interlineation fails to remedy the defects in the jurisdictional allegations of the complaint addressed in the Court's May 13 order, the Court will deny Ball leave to amend his complaint. *See Will v. General Dynamics Corp.*, No. 06-698-GPM, 2007 WL 3145058, at *2 (S.D. Ill. Oct. 25, 2007) (leave to amend a complaint is properly denied when the proposed amendment is futile); *Wheeler v. Pension Value Plan for Employees of Boeing Co.*, No. 06-cv-500-DRH, 2007 WL 2608875, at *5 (S.D. Ill. Sept. 6, 2007) (same). Also, the Court concludes that this action is due to be dismissed. As has been noted already, where the Court's subject matter jurisdiction has not been established, the Court cannot proceed further in this case. Moreover, where, as here, "the court reminded the parties of the need to establish complete diversity of citizenship," yet "[d]espite receiving express directions about what they had to do, [the parties] did not do it," dismissal is the appropriate course. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073, 1074 (7th Cir. 1992). "At some point the train of opportunities [to establish subject matter jurisdiction] ends." *Id.* at 1074. Quite simply, "it is not the court's obligation to lead [parties] through a jurisdictional paint-by-numbers scheme. Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)). *See also Belleville Catering Co. v. Champaign Mkt.*

*Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) (noting that it is regrettable when "litigants' insouciance toward the requirements of federal jurisdiction . . . cause[ ] a waste of time and money," but holding that dismissal is the proper course when a party invoking federal subject matter jurisdiction ignores the duty to establish that jurisdiction). Rule 12 of the Federal Rules of Civil Procedure provides, in pertinent part, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). *See also Ball v. Ball*, Civil No. 09-405-GPM, 2009 WL 1515299, at *2 (S.D. Ill. June 1, 2009).

Ball's motion for leave to amend (Doc. 13) is **DENIED** and pursuant to Rule 12(h)(3), this action is **DISMISSED without prejudice** for lack of subject matter jurisdiction. Ball's request for reconsideration of the Court's denial of leave to proceed in forma pauperis is **DENIED as moot**, and the Clerk of Court is directed to close the file in this case.

**IT IS SO ORDERED.**

DATED: 6/17/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge